CONSUMERS OF THE LONG ISLAND LIGHTING COMPANY, by RENE A. FREYRE, PHILIP J. GROWNEY, WILLIAM W. BROWNE, VINCENT P. DOLAN, JAMES J. MOONEY, HENRY J. CAMPBELL, HARRY SELINGER, WILLIAM E. CADA and EUGENE RIES, on Their Own Behalf and on Behalf of All Other Consumers Similarly Situated Who Desire to Join in This Action or Will Share or Participate in the Expense Thereof, Appellants, v. LONG ISLAND LIGHTING COMPANY, ELLIS L. PHILLIPS, GEORGE W. OLMSTED, EVERSLEY CHILDS and WILLIAM C. LANGLEY, Respondents, and Others, Defendants.— In an action by consumers to recover the excess over and above the just and reasonable basic rates and charges paid to a public utility company for electricity over many years, the complaint was dismissed under rule 106 of the Rules of Civil Practice on the ground that it appears on the face of the complaint that it fails to state facts sufficient to constitute a cause of action. Plaintiffs appeal. Order dismissing plaintiffs' complaint and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

SARAH DANINHIRSCH and SAM DANINHIRSCH, Respondents, v. LIPTHAL BUILDING CORPORATION, Appellant.— Action to recover damages for personal·injuries subsequently resulting in death, sustained by Sarah Daninhirsch when she fell down a stairway in defendant's premises. Order removing this action from the Municipal Court of the City of New York to the Supreme Court, Kings county, and granting leave to plaintiffs to serve an amended supplemental summons and complaint, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

HELEN EIFERT, as Administratrix, etc., of JOHN EIFERT, Deceased, Respondent, v. UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant.— In an action under section 109 of the Insurance Law, order granting plaintiff's motion for summary judgment, and judgment entered thereon, reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. The pleadings raise triable issues of fact which can only be determined upon a trial. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

BESSIE FRIED, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— In an action to recover for personal injuries sustained when a pedestrian collided with a trolley car, judgment rendered in favor of plaintiff, after trial by the court without a jury, reversed on the law and the facts, with costs, plaintiff's motion for judgment denied, the defendant's motion for judgment granted and judgment directed to be entered thereon, with costs. On the whole case we find that plaintiff ran into the left side of the trolley car when she could have avoided it. We conclude that the evidence proves negligence on her part and that defendant's motion for judgment should have been granted. Johnston, Adel and Taylor, JJ., concur; Lazansky, P. J., and Hagarty, J., concur as to reversal of the judgment and denial of plaintiff's motion, but dissent as to granting defendant's motion for judgment in its favor and vote to grant a new trial, upon the ground that there is a question of fact for determination by a jury.